UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANET C. HENRY, Individually and as | § | |
| Representative of the Estate of | § | |
| G. DAVID HENRY, KRISTOPHER | § | |
| HENRY, and KRISTEN HOOPER, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| EDWARD JOSEPH HALLAHAN | § | **NOTICE OF REMOVAL** |
| COMPANY and POWERSECURE, INC., | § | |
| | § | |
| Defendants. | § | |

TO THE HONORABLE COURT:

For the purpose of removing this action to the United States District Court for the Eastern District of Texas, Sherman Division, Defendant PowerSecure, Inc. ("PowerSecure") states as follows:

## I.  PROCEDURAL POSTURE – STATE COURT ACTION

1.      PowerSecure is a Defendant in a civil action filed on September 13, 2013 in the 393RD District Court of Denton County, Texas, entitled *Janet C. Henry, Individually and as Representative of the Estate of G. David Henry, Kristopher Henry, and Kristen Hooper, v. Edward Joseph Hallahan and PowerSecure, Inc.*, Cause No. 2013-61224-393.

2.      PowerSecure was served with the state court Plaintiff's Original Petition (the "Petition") on September 19, 2013.

3.      The following constitutes all of the process, pleadings, and orders served upon PowerSecure in the action:  The Citation and Petition, and state court docket sheet, certified copies of which are attached as Exhibit "A," are incorporated as part of this Notice of Removal as if fully set forth.

## II.  STATEMENT OF APPLICABLE LAW - DIVERSITY JURISDICTION

**A.      Diversity of Parties' Citizenship**

4.      According to the Petition, Plaintiff Janet C. Henry, Individually and as Representative of the Estate of G. David Henry, is an individual residing in Midland County, Texas.  (Petition ¶ 1).

5.      According to the Petition, Plaintiff Kristopher Henry is an individual residing in Denton County, Texas.  (Petition ¶ 3).

6.      According to the Petition, Plaintiff Kristen Hooper is an individual residing in Blanchard, Oklahoma.  (Petition ¶ 4).

7.      According to the Petition, PowerSecure is a foreign corporation. (Petition ¶ 2). PowerSecure is organized and existing under the laws of Delaware, with its principal place of business in North Carolina**.**  (Affidavit of Mark Vranderic attached as Ex. B).

8.      Defendant Edward Joseph Hallahan is an individual residing in California. (Ex. B, Affidavit of Edward J. Hallahan, attached as Ex. C).[1]

9.      Plaintiffs and Defendants are therefore citizens of different states and complete diversity exists.

**B.      Amount in Controversy**

10.      The Petition alleges that Plaintiffs are entitled to recover wrongful death, survival, and personal injury damages relating to a motor vehicle accident on Ranger Hill on May 27, 2013, which resulted in the death of G. David Henry and personal injuries to his wife, Plaintiff Janet Henry.  Plaintiffs have pled entitlement to compensatory and punitive damages.  (See Petition sections VI and VII).  Plaintiffs each seek the following wrongful

---

[1] *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985)( citizenship of the parties on the date the lawsuit was filed determines the existence of diversity of citizenship).  Hallahan was a California resident when this lawsuit was filed. (Exh. C).

death damages: a) loss of companionship and society; b) mental anguish; and c) pecuniary loss. (Petition at ¶ 22). Plaintiff Janet Henry also seeks the following survival damages on behalf of the Estate of G. David Henry: a) physical pain; b) mental anguish; c) medical expenses; and c) funeral and burial expenses. (Petition at ¶ 23). Finally, Janet Henry asserts her own personal injury and bystander claims seeking recovery of damages for: a) physical pain; b) mental anguish; c) disfigurement and scarring; d) physical impairment; and e) medical expenses. (Petition at ¶ 24). Plaintiffs also seek exemplary damages in excess of the $750,000 cap set under the Texas Damages Act claiming that the damage cap set by the Act is unconstitutional. (Petition ¶ 28, 29). This allegation, in and of itself, demonstrates that the amount in controversy requirement has been satisfied. For purposes of removal in this action, calculation of the amount in controversy includes both compensatory and punitive damages. *Bell v. Preferred Life Assur. Soc'y v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943).

11. It is "facially apparent" based on the damage allegations in the Petition that each Plaintiff's claim satisfies the amount in controversy requirement. *See Menendez v. Wal-Mart Stores, Inc*., 364 Fed. Appx. 62 (5th Cir. 2010). *See Vasquez v. Bridgestone/Firestone*, 192 F. Supp 2d 715 (E.D. Texas 2001) (It was "facially apparent" that multi-Plaintiff wrongful death action satisfied amount in controversy requirement where each Plaintiff alleged mental anguish, loss of companionship and funerl expenses).

12. While the Court can determine that the jurisdictional amount is "plain from the face" of the Petition, the Court can also consider the record, including pleadings, affidavits or other matters of record. 14A Charles Alan Wright et al., Fed. Prac. & Proc. § 3702 at 26; § 3725 at 223 (Supp. 1997).

13. In an effort to more definitely determine the amount in controversy,

PowerSecure asked Plaintiff's counsel to stipulate that the total amount in controversy is less than $75,000 to avoid removal, but Plaintiff's counsel declined to do so. (Ex. D).

14.     Additionally, to further demonstrate that the amount in controversy requirement is met, the undersigned has prepared and attached a summary of reported wrongful death awards in state courts within the Sherman Division and in federal courts in the Eastern District of Texas during the past five years. (Ex. E).  In all cases where there was a finding of liability, the wrongful death and survival damage awards exceeded $75,000.  Thus, the value of each Plaintiff's wrongful death claim, if successful, is likely to have a value greater than $75,000, exclusive of interest and costs.  Janet Henry also seeks damages for her own personal injuries as well as her bystander claim.  She also asserts a survival claim on behalf of the estate which, if successful, is likely to have a value greater than $75,000. (Ex. E).

15.     Based on the foregoing, the $75,000 amount in controversy requirement has clearly been met.

### C.     Removal to this Court Is Therefore Proper

16.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that this case is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, PowerSecure removes this action to federal court in accordance with 28 U.S.C. § 1441.

### D.     Removal is Timely

17.     This Notice of Removal is filed with this Court within thirty (30) days after service on PowerSecure of the Citation and Petition filed in the state court  case.

### E.     Removal is Consensual Among the Defendants

The undersigned has conferred with Defendant Edward Joseph Hallahan and he has

consents to the removal of this case to federal court.

WHEREFORE, Defendant PowerSecure, Inc.  prays that the above-entitled action be removed to the U.S. District Court for the Eastern District of Texas, Sherman Division, from the District Court of Denton County, Texas.

DATED:  October 11, 2013.

Respectfully submitted,


By  /s/ Jeffrey J. Wolf
Jeffrey J. Wolf
Texas Bar No. 21849012
jwolf@wolflawpc.com
Michael B. Jones
Texas Bar No. 24002375
mjones@wolflawpc.com
THE WOLF LAW FIRM, P.C.
1360 N. White Chapel Boulevard
Southlake, TX  76092-4303
817-552-9653
817-552-0300 Fax
ATTORNEYS FOR DEFENDANT
POWERSECURE, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the following attorneys of record via facsimile, on this the 11th day of October, 2013:

Dale R. Rose
Mitchell Nolte                                    Fax: (972) 569-9278
GIBBS, NOLTE, ROBINSON & ROSE, PLLC
2780 Virginia Parkway, Suite 401
McKinney, Texas 75071


/s/ Jeffrey J. Wolf
Jeffrey J. Wolf

# EXHIBIT A

# CASE SUMMARY
## CASE NO. 2013-61224-393

| | | |
|---|---|---|
| Janet C. Henry, Individually and as Representative of the Estate of G. David Henry, Kristopher Henry, and Kristen Hooper | § § § § | Location: **393rd Judicial District Court** |
| | | Judicial Officer: **Robison, Douglas** |
| VS | | Filed on: **09/13/2013** |
| Edward Joseph Hallahan, Powersecure, Inc. | | |

---

### CASE INFORMATION

| | |
|---|---|
| Case Type: | **Injury/Damages - Motor Vehicle** |
| Case Status: | **09/13/2013   Active** |
| Case Flags: | **Jury Fee Paid** |

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number          2013-61224-393
Court                393rd Judicial District Court
Date Assigned        09/13/2013
Judicial Officer     Robison, Douglas

---

### PARTY INFORMATION

| | | |
|---|---|---|
| | | *Lead Attorneys* |
| **Plaintiff** | **Henry, Janet C.** | **Rose, Dale R.** |
| | | *Retained* |
| | | 972-503-6155(F) |
| | | 972-503-5455(W) |
| | | *2780 Virginia Parkway, Suite 401* |
| | | *McKinney, TX 75071* |
| **Defendant** | **Hallahan, Edward** | |
| | **PowerSecure, Inc.** | |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 09/13/2013 | Jury fee paid *(This entry only represents the payment of the jury fee - not a document filed with the clerk.)* |
| 09/13/2013 | Plaintiff's Original Petition *with Request for Disclosures* |
| 09/13/2013 | **Citation** Hallahan, Edward Unserved |
| 09/13/2013 | Record/Copy Request |
| 09/16/2013 | **Citation By Certified Mail** PowerSecure, Inc. Served: 09/19/2013 |
| 09/17/2013 | Record/Copy Request |

---

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff** Henry, Janet C.
Total Charges                                                    373.00

*Printed on 10/08/2013 at 12:56 PM*

393RD JUDICIAL DISTRICT COURT
# CASE SUMMARY
## CASE NO. 2013-61224-393

| | | | |
|---|---|---|---|
| Total Payments and Credits | | | 373.00 |
| **Balance Due as of 10/8/2013** | | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 09/13/2013 | Charge | | Plaintiff Henry, Janet C. | 373.00 |
| 09/13/2013 | Payment | Receipt # 2013-25083 | Plaintiff Henry, Janet C. | (373.00) |

CERTIFIED A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE IN MY OFFICE

SHERRI ADELSTEIN
DENTON COUNTY DISTRICT CLERK

10-8-13
Date

By:

Deputy Clerk

*Printed on 10/08/2013 at 12:56 PM*

CAUSE NO. 2013-61224-393



| JANET C. HENRY, Individually and as | § | IN THE DISTRICT COURT |
| Representative of the Estate of G. DAVID | § | |
| HENRY, KRISTOPHER HENRY, and | § | |
| KRISTEN HOOPER | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | DENTON COUNTY, TEXAS |
| | § | |
| EDWARD JOSEPH HALLAHAN, | § | |
| POWERSECURE, INC. | § | |
| | § | 393   JUDICIAL DISTRICT |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL PETITION with REQUEST FOR DISCLOSURES

NOW COMES Plaintiffs' JANET C. HENRY, Individually and as Representative of the Estate of G. DAVID HENRY, KRISTOPHER HENRY, and KRISTEN HOOPER (collectively referred to as "Plaintiffs"), and file this Original Petition against Defendants EDWARD JOSEPH HALLAHAN and POWERSECURE INC. In support of this Original Petition, Plaintiffs' state as follows:

### I.
### LEVEL 3 CASE

1.   Plaintiffs allege that discovery should be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.   Plaintiff Janet C. Henry is the surviving spouse of decedent G. David Henry; the natural mother of Kristopher Henry and Kristen Hooper; a Personal Representative of the Estate



of G. David Henry, Deceased, as no estate administration is pending and none is
necessary; and a resident and citizen of Midland County, Texas.

3.    Plaintiff Kristopher Henry is the natural son of Janet C. Henry and decedent G. David
      Henry, and is a resident and citizen of Denton County, Texas.

4.    Plaintiff Kristen Hooper is the natural daughter of Janet C. Henry and decedent G. David
      Henry, and is a resident and citizen of Blanchard, Oklahoma.

5.    Defendant Edward Joseph Hallahan is a resident and citizen of Denton, Denton County,
      Texas. Service of process can be accomplished by serving the Citation and Plaintiff's
      Original Petition upon Defendant Edward Joseph Hallahan at 905 Cleveland Street,
      Denton, Texas 76201.

6.    Defendant PowerSecure, Inc. is a foreign for-profit corporation with its principal place of
      business in South Carolina.  Service of process can be accomplished by serving the
      Citation and Plaintiffs' Original Petition upon its registered agent via certified mail, return
      receipt requested to Corporation Service Company dba CSC - Lawyers Incorporating
      Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

7.    Venue is proper in Denton County, pursuant to Civ. Prac. & Rem. C. §§ 15.002(a)(2), and
      15.005.

## III.
## FACTS

8.    On Monday, May 27, 2013, at approximately 1:30 p.m., while acting within the course
      and scope of his employment with PowerSecure, Inc., Edward Joseph Hallahan
      negligently and recklessly lost control of a 2006 International Truck while traveling



eastbound and crossed the center median of Interstate Highway 20 approximately .3 miles

east of reference marker 360 in Eastland County, Texas. The vehicle driven by Edward

Joseph Hallahan then traveled into the westbound lanes of the highway and struck an

eastbound Honda vehicle then continued in a northeasterly direction and struck a 2008

Ford F350 pickup being operated by G. David Henry, with Janet Henry riding as a

passenger. Although G. David Henry was properly wearing his seat belt, he was fatally

injured in the severe high speed frontal impact. Janet Henry sustained minor injuries, but

unfortunately witnessed the tragic injuries and eventual death sustained by her husband.

## IV.
## NEGLIGENCE CLAIMS AGAINST DEFENDANT EDWARD JOSEPH HALLAHAN

9.      Plaintiffs adopt and reallege each paragraph above as if set forth herein.

10.      Edward Joseph Hallahan had a duty to exercise ordinary care in the operation of the 2006

International Truck.

11.      Edward Joseph Hallahan breached his duty by failing to operate the truck as a person of

ordinary prudence would have done under the same or similar circumstances, including:

     a.      failing to keep a lookout as a person of ordinary prudence would have
       done under the same or similar circumstances;

     b.      failing to maintain his vehicle in the proper lane of travel and under safe
       and reasonable control as an ordinary and prudent person would have done
       under the same or similar circumstances;

     c.      failing to timely apply his brakes in order to avoid the collision;

     d.      driving his vehicle at a rate of speed that an ordinary and prudent person
       would not have done under the same or similar circumstances; and



     e.    failing to take proper and evasive action as an ordinary and prudent person would have done under the same or similar circumstances.

12.   Edward Joseph Hallahan's acts and/or omissions were a proximate cause of the collision, the injuries to Janet Henry, the injuries and death to G. David Henry, and the damages to Plaintiffs.

<h2 style="text-align:center">V.<br>NEGLIGENCE CLAIMS AGAINST<br>DEFENDANT POWERSECURE INC.</h2>

13.   Plaintiffs adopt and reallege each paragraph above as if set forth herein.

14.   Edward Joseph Hallahan was an employee of PowerSecure Inc., and was operating the PowerSecure, Inc. truck during the course and scope of his employment.

15.   Edward Joseph Hallahan in the course and scope of his employment with PowerSecure, Inc., had a duty to exercise ordinary care in the operation of the PowerSecure, Inc. truck.

16.   Mr. Hallahan breached his duty of ordinary care by failing to operate the truck as a person of ordinary prudence would have done under the same or similar circumstances including:

     a.    failing to keep a lookout as a person of ordinary prudence would have done under the same or similar circumstances;

     b.    failing to maintain his vehicle in the proper lane of travel and under safe and reasonable control as an ordinary and prudent person would have done under the same or similar circumstances;

     c.    failing to timely apply his brakes in order to avoid the collision;

     d.    driving his vehicle at a rate of speed that an ordinary and prudent person would not have done under the same or similar circumstances; and

     e.    failing to take proper and evasive action as an ordinary and prudent person would have done under the same or similar circumstances.

17.   PowerSecure, Inc. also had a duty to use ordinary care in the training and supervision of its employee, Edward Joseph Hallahan.



18.    PowerSecure, Inc. breached its duty of care by failing to adequately train and supervise Edward Joseph Hallahan.

19.    PowerSecure, Inc. owned the truck operated by Edward Joseph Hallahan and entrusted the vehicle to Edward Joseph Hallahan. Edward Joseph Hallahan was an incompetent and/or reckless driver.  PowerSecure, Inc. knew or should have known that Edward Joseph Hallahan was incompetent or reckless. Edward Joseph Hallahan was negligent on the occasion in question.

20.    PowerSecure, Inc.'s acts and/or omissions were a proximate cause of the collision, the injuries to Janet Henry, the injuries and death of G. David Henry, and the damages to Plaintiffs.

## VI.
## DAMAGES

21.    Plaintiffs' re-allege and adopt all previous paragraphs as if fully set forth herein.

22.    Plaintiffs Janet C. Henry, Individually and as Representative of the Estate of G. David Henry, Kristopher Henry, and Kristen Hooper seek the following wrongful death damages that have been incurred in the past or will, in reasonable probability, be incurred in the future:

        a.    loss of companionship and society;
        b.    mental anguish; and
        c.    pecuniary loss.

23.    Plaintiff Janet C. Henry as Representatives of the Estate of G. David Henry, seeks the following survival damages arising from the fatal personal injuries to G. David Henry:

        a.    physical pain;
        b.    mental anguish;



      c.     medical expenses; and

      d.     funeral and burial expenses.

24.    Plaintiff Janet C. Henry. Individually, seeks the following personal injury and bystander damages that have been incurred in the past and will, in reasonable probability, be incurred in the future:

      a.     physical pain;

      b.     mental anguish;

      c.     disfigurement and scarring;

      d.     physical impairment; and

      e.     medical expenses.

25.    Janet C. Henry has also incurred incidental and miscellaneous expenses, such as transportation and household expenses in the past, and in all reasonable probability will incur these expenses in the future.

**VII.**
**EXEMPLARY DAMAGES**

26.    Defendant's actions were grossly negligent when viewed objectively at the time of the occurrence and involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs.

27.    Defendants had actual awareness of the risks involved, but nevertheless proceeded with conscience indifference to the rights, safety, and welfare of Plaintiffs.

28.    Exemplary damages should therefore be assessed against Defendants to deter them and other similarly situated individuals and corporations from disregarding the rights, safety and welfare of others.

29.    Plaintiffs further alleges that the provisions within Section 41.008(b) of the Texas Civil Practice & Remedies Code limiting the amount of exemplary damages assessed a



defendant to two times the amount of economic damages plus an amount equal to any

non-economic damages found by the jury, not to exceed $750,000, or $200,000,

whichever is greater, is unconstitutional, and is in violation of (1) Section One of the 14th

Amendment of the Constitution of the United States, which guarantees due process and

equal protection of the law; (2) Article I, Section 3 of the Texas Constitution, which

guarantees equal protection of the law; (3) Article I, Section 13 of the Texas Constitution,

which guarantees access to open courts for every person for an injury done by him or her,

and that each such person shall have a remedy by due course of law; (4) Article I, Section

19 of the Texas Constitution, which guarantees due course of the law; 5) Article II,

Section 1 of the Texas Constitution, which prohibits any one of the three branches of

government from exercising any power properly attached to either of the others,

specifically, prohibiting the legislature from exercising power properly attached to the

judiciary; (6) Article III, Section 56 of the Texas Constitution, which prohibits the

legislature from passing any local or special law authorizing limitation of civil action; and

(7) Article I, Section 15 and Article V, Section 10 of the Texas Constitution, which

guarantees the right to trial by jury demand.

## VIII.
## REQUEST FOR DISCLOSURE

30.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs' request

Defendants to disclose within fifty (50) days of service of this request, the information

and material described in Rule 194. Plaintiffs' further request that the responding parties



produce the responsive documents at Gibbs Nolte Robison Rose, PLLC in fifty (50) days

of service of this request.

**IX.**
**JURY DEMAND**

31.    Plaintiffs request a trial by jury in this matter.  The proper fee is being submitted when the

petition is filed.

**X.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Janet C. Henry, Individually and

as a Representative of the Estate of G. David Henry, Deceased, Kristopher Henry, and  Kristen

Hooper, respectfully pray that this Court render judgment in their favor and against Defendants,

Edward Jospeh Hallahan and PowerSecure, Inc., jointly and severally, for compensatory and

exemplary damages, costs of suit, attorney fees, pre-judgment and post judgment interest

permitted by law, and for such other and further relief to which Plaintiffs are justly entitled.

Respectfully submitted,



Dale R. Rose
Texas Bar No. 00784875
Mitchell R. Nolte
Texas Bar No. 00797159
Gibbs Nolte Robison Rose, PLLC
2780 Virginia Parkway, Suite 401
McKinney, TX  75071
Tel. (972) 562-0266
Fax. (972) 569-9278
Attorney for Plaintiffs'

CERTIFIED A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY DISTRICT CLERK
By:_____ Deputy Clerk
Date 10-8-13



## CITATION – Personal Service: TRC 99 and 106

THE STATE OF TEXAS                                                      COUNTY OF DENTON

CAUSE NO. 2013-61224-393

**TO: Edward Joseph Hallahan, 905 Cleveland Street, Denton, Texas 76201 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 393rd Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 2013-61224-393 |
| Date of Filing: | September 13, 2013 |
| Document: | Plaintiffs' Original Petition with Request for Disclosures |
| Parties in Suit: | Janet C. Henry; Edward Hallahan; PowerSecure, Inc. |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | Dale R. Rose<br>2780 Virginia Parkway, Suite 401, McKinney, TX 75071 |

Issued under my hand and seal of this said court on this the 13th day of September, 2013.

Sherri Adelstein, District Clerk
Denton, Denton County, Texas

_Cameron Welter_ , Deputy

Cameron Welter

---

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____ in person a true copy of this citation, with attached copy(ies) of the Plaintiffs' Original Petition with Request for Disclosures at _____.

Service Fee: $ _____

_____ Sheriff/Constable
_____ County, Texas

Service ID No. _____

_____
Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20___

_____
Notary Public



CERTIFIED A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE IN MY OFFICE

SHERRI ADELSTEIN
DENTON COUNTY DISTRICT CLERK

ORIGINAL

10-8-13
Date

By: _____
Deputy Clerk

## CITATION BY CERTIFIED MAIL

THE STATE OF TEXAS

COUNTY OF DENTON

CAUSE NO. 2013-61224-393

**TO: PowerSecure, Inc., by serving its registered agent, Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. The nature of the suit is fully shown by a true and correct copy of the Plaintiffs' Original Petition with Request for Disclosures accompanying this citation and made a part hereof.

| Court: | 393rd Judicial District Court<br>1450 E, McKinney, 4th Floor, Denton, TX 76209 |
|---|---|
| Cause No.: | 2013-61224-393 |
| Date of Filing: | 09/13/2013 |
| Document: | Plaintiffs' Original Petition with Request for Disclosures |
| Parties in Suit: | Janet C. Henry; Edward Hallahan; PowerSecure, Inc. |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Dale R. Rose<br>2780 Virginia Parkway, Suite 401<br>McKinney, Texas 75071 |

    Issued under my hand and seal of this said court on this the 16th day of September, 2013

Sherri Adelstein, District Clerk
Denton, Denton County, Texas

_____, Deputy
Cameron Welter



ORIGINAL

SHERRI ADELSTEIN
DENTON COUNTY DISTRICT CLERK
PO BOX 2146
DENTON, TX 76202-2146



9214 8901 0661 5400 0021 5074 30

**Return Receipt (Electronic)**

2013-61224-393
CORPORATION SERVICE COMPANY
D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
POWERSECURE, INC.
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218



## Cause No. <u>2013-61224-393</u>

Style:   Janet C. Henry, Individually and as Representative of the Estate of G. David Henry,
Kristopher Henry, and Kristen Hooper
VS
Edward Joseph Hallahan, PowerSecure, Inc.

### <u>RETURN OF CITATION BY CERTIFIED MAIL</u>

Came to hand on 9/16/2013 at 9:00 a.m. and I hereby certify that on 9/16/2013, I mailed
to **PowerSecure, Inc., by serving its registered agent, Corporation Service Company
d/b/a CSC- Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620,
Austin, TX 78701-3218** by registered mail or certified mail, signature confirmation requested,
a true copy of this citation with a copy of the Plaintiffs' Original Petition with Request for
Disclosures attached thereto.

Restricted Delivery:   No

Sherri Adelstein, District Clerk<br>
Denton County, Texas<br>
1450 E. McKinney, Suite 1200, Denton, TX 76209<br>
PO Box 2146, Denton, TX 76202<br>
By<br>
Cameron Welter, Deputy

Service Fee: <u>$60.00</u>
CERTIFIED MAIL NO.:  9214 8901 0661 5400 0021 5074 30

Signed for on: _____ 9/19/13 _____

By: _____

Attach tracking history or signature receipt.




**UNITED STATES**
**POSTAL SERVICE**

FILED
13 SEP 24 PM 3:49

SHERRI A ADELSTEIN
DISTRICT CLERK DENTON CO., TX

BY_____DEPUTY

Date Produced: 09/23/2013

THE MAIL GROUP INC - 1 / CONFIRM DELIVERY INC:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 0661 5400 0021 5074 30. Our records indicate that this item was delivered on 09/19/2013 at 08:05 a.m. in AUSTIN, TX 78701. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

CERTIFIED A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE IN MY OFFICE

SHERRI ADELSTEIN
DENTON COUNTY DISTRICT CLERK

10-8-13                    By:_____
Date                              Deputy Clerk

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

2013-61224-393
CORPORATION SERVICE COMPANY
D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
POWERSECURE, INC.
211 E 7TH ST STE 620
AUSTIN TX 78701-3218

# EXHIBIT B

## AFFIDAVIT OF MARK VRANDERIC

COUNTY OF _LucAS_      )

STATE OF _OHiO_      )

      BEFORE ME, the undersigned authority, on this day personally appeared Mark Vranderic, who was duly sworn and stated under oath as follows:

1.     "My name is Mark Vranderic. I am competent in all respects to provide this affidavit. I am an authorized representative of PowerSecure, Inc. In that capacity, I have personal knowledge of the facts set forth in this affidavit, each of which is true and correct. I am providing this affidavit to support Defendant's Notice of Removal.

2.     PowerSecure, Inc. is a Delaware corporation with its principal place of business in North Carolina.

3.     PowerSecure, Inc.'s employee Edward Joseph Hallahan has not resided in Texas since shortly after the date of the incident. Because of his injuries, he was flown to California where he now resides with his family. Hallahan was a California resident when this lawsuit was filed on September 13, 2013. According to PowerSecure, Inc.'s records, he has not lived at the Denton County address listed in Plaintiffs' Petition since he became an employee of PowerSecure on April 25, 2013. Rather, he lived at various motels while he was a PowerSecure employee before returning to his home state of California after he was injured."

FURTHER AFFIANT SAYETH NAUGHT.

                                     _Mak Vranderic_
                                       Mark Vranderic

Subscribed and sworn to before me this _10th_ day of October, 2013.

_Chelsea Koralewski_
Notary Public, State of _OHio_
My Commission Expires: _June 28, 2016_

NOTARY PUBLIC

(ZDDCMA)
CHELSEA KORALEWSKI
Notary Public, State of Ohio
My Commission Expires
June 28, 2016

STATE OF OHIO

# EXHIBIT C

## AFFIDAVIT OF EDWARD JOSEPH HALLAHAN

COUNTY OF Solano )

STATE OF CALIFORNIA )

BEFORE ME, the undersigned authority, on this day personally appeared Edward Joseph Hallahan, who was duly sworn and stated under oath as follows:

1.      "My name is Edward Joseph Hallahan. I am competent in all respects to provide this affidavit. I have personal knowledge of the facts set forth in this affidavit, each of which is true and correct. I am providing this affidavit to support Defendant's Notice of Removal.

2.      I have not lived at the address listed in Plaintiff's Petition (905 Cleveland Street, Denton, Texas 76021) since I finished lineman school in April of 2013. Kyle Wagner, a friend from California, attended lineman school with me. We signed a four month lease at the Midtown Apartments in Denton (905 Cleveland Street, Denton, Texas 76021), which ended in April, 2013. After I became a PowerSecure employee on April 25, 2013, I lived at various hotels near jobsites around the state but I never established a permanent residence in Texas.

3.      In fact, I have not resided in Texas since shortly after the date of the incident on May 27, 2013. Because of my injuries, and as soon as I was able to travel, I was flown to California so that my family could assist me. My residential address is 2927 Cashew Court, Fairfield, California 94533. This is the same address where I was living before I began lineman school in January, 2013. I was a California resident living at this address when this lawsuit was filed on September 13, 2013, and I intend to continue to reside in California."

FURTHER AFFIANT SAYETH NAUGHT.

_Edward Joseph Hallahan_
Edward Joseph Hallahan

Subscribed and sworn to before me this 10 day of October, 2013.

_Kulwinder K Atwal_
Notary Public, State of California
My Commission Expires: JAN 25 2017

KULWINDER K. ATWAL
COMM. #2005126
NOTARY PUBLIC-CALIFORNIA
SOLANO COUNTY
My Comm. Expires JAN. 25, 2017

# EXHIBIT D

# THE WOLF LAW FIRM, P.C.

Jeffrey J. Wolf
(817) 552-9653
(817) 552-0300 Fax
jwolf@wolflawpc.com

1360 N. White Chapel Blvd.
Southlake, TX 76092

October 8, 2013

**VIA FACSIMILE (972) 569-9278**
Dale R. Rose
GIBBS, NOLTE, ROBINSON & ROSE
2780 Virginia Parkway, Suite 401
McKinney, Texas 75071

      Re:    *Janet C. Henry, Individually and as Representative of the Estate of G. David Henry,*
              *Kristopher Henry, and Kristen Hooper v. Edward Joseph Hallahan, and*
              *PowerSecure, Inc.*
              Cause No. 2013-61224-393; In the District Court of Denton County, Texas

Dear Mr. Rose:

      The undersigned will represent PowerSecure, Inc. ("PowerSecure") in the above-styled lawsuit. I am writing this letter to determine whether federal diversity jurisdiction exists. From your pleading, I know that your clients are residents of Texas and Oklahoma. I know that PowerSecure is a South Carolina corporation with its principal place of business in South Carolina. When suit was filed, Hallahan was a resident of California.

      Please let me know at your earliest convenience whether the amount in controversy is at least $75,000, exclusive of interest and costs, so that I can timely remove this case to federal court based on diversity jurisdiction. I have included a signature line for you so that you can stipulate that the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction. If, on the other hand, you believe diversity jurisdiction does not exist because the amount in controversy requirement is not met, I have attached a stipulation, allowing you to agree that Plaintiff's total compensatory and punitive damages are capped at $74,999.00.

      Please return either this letter with your signature or the signed stipulation to me by close of business on October 10, 2013. If I do not hear from you, I will conclude that you do not oppose PowerSecure's position that Plaintiffs' total damages (exclusive of interest and costs) will be at least $75,000 for purposes of federal diversity jurisdiction. In that event, I will file this letter with the Court as evidence of your position that you do not oppose PowerSecure's position that the amount in controversy exceeds $75,000 (exclusive of interest and costs).

      I look forward to hearing from you.

                                Very truly yours,

                                Jeffrey J. Wolf

Enclosure

_____
Dale R. Rose

Cause No. 2013-61224-393

| | | |
|---|---|---|
| JANET C. HENRY, Individually and as Representative of the Estate of G. DAVID HENRY, KRISTOPHER HENRY, and KRISTEN HOOPER, | § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| v. | § § § | 393RD JUDICIAL DISTRICT |
| EDWARD JOSEPH HALLAHAN and POWERSECURE, INC. | § § § | |
| Defendants. | § | DENTON COUNTY, TEXAS |

## STIPULATION REGARDING DAMAGES

Plaintiffs hereby stipulate that their damages in this case including compensatory damages and punitive damages and any other categories of damages (whether asserted or to be asserted in the future) will total no more than $74,999.00 (exclusive of interest and costs).

SO STIPULATED:

Dale R. Rose
State Bar No. 00784875
GIBBS, NOLTE, ROBINSON & ROSE
2780 Virginia Parkway, Suite 401
McKinney, Texas 75071
(972) 562-0266
(972) 569-9278 Fax
ATTORNEY FOR PLAINTIFFS

Jeffrey J. Wolf
State Bar No. 21849012
Michael B. Jones
State Bar No. 24002375
THE WOLF LAW FIRM
1360 N. White Chapel Boulevard
Southlake, TX 76092-4303
817-552-9653
817-552-0300 Fax
ATTORNEYS FOR DEFENDANT
POWERSECURE, INC.

# EXHIBIT E

# EXHIBIT E

A review of information available from Verdict Search and Westlaw databases revealed that there were only three reported wrongful death/survival damages verdicts in the Eastern District of Texas and/or in the state courts in the counties which comprise the Sherman Division of the Eastern District during the last five years. The following table summarizes that information and the verdict reports are attached.

| Date | Case | Court | Verdict | Claim |
|---|---|---|---|---|
| 2009 | *Hendricks v. Glaser* | Denton County Probate Court | $3,492,800 | Medical malpractice case. Wrongful death and survival claims asserted by husband, two children and father of deceased seeking loss of society/companionship, loss of pecuniary contribution, mental anguish, medical expenses, funeral expenses, and loss of household services |
| 2009 | *Morgan v. USA* | E.D. Texas (Judge Folsom) | $990,000 ($495,000 each) | Motor vehicle accident case. Wrongful death claims asserted by parents of deceased adult child seeking loss of society/companionship and mental anguish damages |
| 2011 | *Goodwin v. Quiktrip Corp.* | Denton County District Court | $8,022,324 | Premises liability case. Wrongful death and survival claims asserted by parents of an adult child seeking loss of society/companionship, mental anguish, mental anguish of decedent, funeral expenses, and psychological treatment expenses. |

*Hendricks v. Glazer*

**Cyst should've been tested for cancer, decedent's family said**

| | |
|---|---|
| **Amount:** | $3,492,800 |
| **Type:** | Verdict-Plaintiff |
| **State:** | Texas |
| **Venue:** | Denton County |
| **Injury Type(s):** | other - death, loss of consortium<br>cancer - cancer |
| **Case Type:** | Wrongful Death - Survival Damages<br>Medical Malpractice - Failure to Test, Failure to Diagnose |
| **Case Name:** | Tadd Hendricks, as Independent Executor of the Estate Melissa Hendricks, Deceased, Tadd Hendricks, Individually, and Next Friend of Joshua and Daniel Hendricks, Minors and Charles Morello v. Dr. Stephen A. Glaser, D.O. and Mr. Jason Maris, P.A.-C. |
| **Date:** | October 2, 2009 |

## Parties

**Plaintiff(s):** Tadd Hendricks (Male, 40 Years), Charles Morello (Male, 70 Years),

Daniel Hendricks (Male, 6 Months), Joshua Hendricks (Male, 2 Years),

Estate of Melissa Hendricks (Male, 34 Years)

**Plaintiff Attorney(s):** Thomas M. McMurray; The McMurray Law Firm, LP; Denton, TX; for Tadd Hendricks, Charles Morello, Daniel Hendricks, Joshua Hendricks, Estate of Melissa Hendricks

**Plaintiff Expert(s):** Rhett Fredric M.D.; Oncology; Fort Worth, TX called by: Tadd Hendricks, Charles Morello, Daniel Hendricks, Joshua Hendricks, Estate of Melissa Hendricks Dennis DeIasi ; Physician Assistant; San Antonio, TX called by: Tadd Hendricks, Charles Morello, Daniel Hendricks, Joshua Hendricks, Estate of Melissa Hendricks Robert Benjamin M.D.; Oncology; Houston, TX called by:

Tadd Hendricks, Charles Morello, Daniel Hendricks, Joshua Hendricks, Estate of Melissa Hendricks Terrance Moore M.D.; Family Medicine; Denton, TX called by: Tadd Hendricks, Charles Morello, Daniel Hendricks, Joshua Hendricks, Estate of Melissa Hendricks

---

**Defendant(s):** Mr. Jason Maris, P.A.-C., Dr. Stephen A. Glaser, D.O.

**Defense Attorney(s):** Vernon L. Krueger; Stewart Stimmel LLP; Dallas, TX, for Mr. Jason Maris, P.A.-C., Dr. Stephen A. Glaser, D.O. Cynthia Hall; Tucker & Associates; Dallas, TX, for Mr. Jason Maris, P.A.-C., Dr. Stephen A. Glaser, D.O.

**Defendent Expert(s):** James Blakely Radiology; Dallas, TX for Mr. Jason Maris, P.A.-C., Dr. Stephen A. Glaser, D.O. Blaine Carmichael Physician Assistant; San Antonio, TX for Mr. Jason Maris, P.A.-C., Dr. Stephen A. Glaser, D.O. Gerald Edelman Oncology; Irving, TX for Mr. Jason Maris, P.A.-C., Dr. Stephen A. Glaser, D.O. Charles Murphy Family Medicine; Plano, TX for Mr. Jason Maris, P.A.-C., Dr. Stephen A. Glaser, D.O. Richard Honaker Family Medicine; Carrollton, TX for Mr. Jason Maris, P.A.-C., Dr. Stephen A. Glaser, D.O.

---

**Insurer(s):** TMLT

## Facts:

In October 2002, plaintiffs' decedent Melissa Hendricks, 34, a dietician, presented to Dr. Stephen A. Glaser and physicians' assistant Jason Maris at Highland Family Medical Clinic in Denton County. She had a small pea-sized mass on her head and it was diagnosed as a sebaceous cyst. Maris removed the cyst on Oct. 14. The mass was not sent for pathological testing, and was thrown away. It reappeared a year later and was determined to be sarcoma, a type of cancer. Hendricks ultimately died of the disease Dec. 14, 2004.

Hendricks' family sued Glaser and Maris, alleging medical malpractice. They claimed the defendants were negligent for failing to diagnose the mass properly and failing to send it off for pathological analysis.

Dr. Robert Benjamin, the plaintiffs' oncology expert and one of Hendricks' treating doctors, testified that all masses removed from the body should be sent for pathological testing; a second oncology expert agreed. Dr. Terrance Moore, the plaintiffs' family medicine expert, claimed that all atypical sebaceous cysts should be sent for testing. In addition, Dennis DeIasi, the plaintiffs' expert physicians' assistant, said that all masses should be tested, especially those removed by a physician's assistant.

The defense argued that the mass appeared as a normal sebaceous cyst and thus did not require pathological testing.

The defense's family medicine expert, Dr. Richard Honaker, maintained that atypical masses should be tested, but since Maris described Hendricks' mass as typical, examination was not required. The defense's expert physicians' assistant, Blaine Carmichael, agreed about the procedure concerning how atypical and typical masses should be handled.

## Injury:

Hendricks was diagnosed with cancer a year after the first cyst was removed. She died from the disease Dec. 14, 2004. She is survived by her husband, Tadd Hendricks, 40; their two children, Joshua, 2, and Daniel, 6 months; and her father, Charles Morello, 70.

The plaintiffs all made loss of consortium claims.

## Result:

Prior to the jury returning, Glaser and the plaintiffs reached a a high-low agreement, where Glaser would pay $1 million if he was found negligent. Also prior to learning the jury's decision, Maris tendered his policy limits for $525,000.

The jury found Glaser and Maris each 45 percent negligent and Melissa Hendricks 10 percent negligent. It found that the plaintiffs' damages were $3,492,800.

Due to the high-low agreement and settlement, the plaintiffs recovered a total of $1,525,000, of which Tadd Hendricks received $665,000, the two children each received $400,000 each, and Morello received $60,000.

$25,000 Wrongful Death: Past Loss Of Society Companionship$200,000 Wrongful Death: Future Loss Of Society Companionship$25,000 Wrongful Death: Past Loss Of Pecuniary Contribution$200,000 Wrongful Death: Future Loss Of Pecuniary Contribution$25,000 Wrongful Death: Past Mental Anguish$25,000 Wrongful Death: Future Mental Anguish$471,000 Personal Injury: Past Medical Cost$150,000 Personal Injury: Past Lost Earnings Capability$715,000 Personal Injury: FutureLostEarningsCapability$500,000 Personal Injury: pain and mental anguish$6,800 Personal Injury: funeral and burial expenses$25,000 Wrongful Death: Past Loss Of Society Companionship$200,000 Wrongful Death: Future Loss Of Society Companionship$25,000 Wrongful Death: Past Loss Of Pecuniary Contribution$200,000 Wrongful Death: Future Loss Of Pecuniary Contribution$25,000 Wrongful Death: Past Mental Anguish$25,000 Wrongful Death: Future Mental Anguish$20,000 Wrongful Death: Past Loss Of Society Companionship$300,000 Wrongful Death: Past Mental Anguish$30,000 Wrongful Death: loss of household services$25,000 Wrongful Death: Past Loss Of Society Companionship$25,000 Wrongful Death: Future Loss Of Society Companionship$25,000 Wrongful Death: Past Loss Of Pecuniary Contribution$25,000 Wrongful Death: Future Loss Of Pecuniary Contribution$100,000 Wrongful Death: Past Mental Anguish$100,000 Wrongful Death: Future Mental Anguish

| | |
|---|---|
| **Actual Award:** | $1525000 |

## Trial Information:

| | |
|---|---|
| **Judge:** | Don R. Windle |
| **Demand:** | $1,500,000 |
| **Trial Length:** | 7 days |
| **Trial Deliberations:** | 2 hours |
| **Jury Composition:** | 5 male/ 7 female |
| **Post Trial:** | |

## Editor's Comment:

The caps on Texas medical malpractice would not have allowed recovery of more than $1.7 million.

The information in this report was provided by plaintiff's counsel. Defense counsel did not respond to the reporter's phone calls.

*Morgan v. USA*

**Father, daughter killed in collision with government vehicle**

| | |
|---|---|
| **Amount:** | $990,000 |
| **Type:** | Decision-Plaintiff |
| **State:** | Texas |
| **Venue:** | Federal |
| **Injury Type(s):** | other - death, loss of consortium<br>mental/psychological - emotional distress |
| **Case Type:** | Motor Vehicle - Speeding<br>Wrongful Death - Survival Damages |
| **Case Name:** | Lisa Morgan, individually, as next friend of minor child, and as personal representative of the Estates of Shane Morgan and Kalee Morgan, Larry Morgan and Linda Morgan v. United States Of America |
| **Date:** | December 3, 2009 |

## Parties

**Plaintiff(s):**   Lisa Morgan (Male), Larry Morgan (Male), Linda Morgan (Male),

Estate of Kalee Morgan (Male, 12 Years), Estate of Shane Morgan (Male)

**Plaintiff Attorney(s):**   Randell C. Roberts; Roberts & Roberts; Tyler, TX, for Lisa Morgan, Larry Morgan, Linda Morgan, Estate of Kalee Morgan, Estate of Shane Morgan Daniel J. Christensen; The Carlson Law Firm, P.C.; Austin, TX, for Lisa Morgan, Larry Morgan, Linda Morgan, Estate of Kalee Morgan, Estate of Shane Morgan E. Glenn Thames Jr.; Potter Minton; Tyler, TX, for Lisa Morgan, Larry Morgan, Linda Morgan, Estate of Kalee Morgan, Estate of Shane Morgan Shelli Morrison; The Morrison Law Firm; Athens, TX, for Lisa Morgan, Larry Morgan, Linda Morgan, Estate of Kalee Morgan, Estate of Shane Morgan

**Plaintiff Expert(s):**   Paul Andrews ; Psychology/Counseling; Tyler, TX called by: Lisa Morgan, Larry Morgan, Linda Morgan, Estate of Kalee Morgan, Estate of Shane Morgan

**Defendant(s):** United States Of America

| | |
|---|---|
| **Defense Attorney(s):** | Thomas E. Gibson; Office of the U.S. Attorney; Tyler, TX, for United States Of America Robert Austin Wells; Office of the U.S. Attorney; Tyler, TX, for United States Of America Randi Davis Russell; Office of the U.S. Attorney; Tyler, TX, for United States Of America |
| **Defendent Expert(s):** | Timothy Proctor Psychology/Counseling; Dallas, TX for United States Of America |

## Facts:

On Feb. 13, 2008, plaintiffs' decedent Shane Morgan was driving with his wife, plaintiff Lisa Morgan, and their two daughters, Kalee, 12, and Emily, 4. The family was traveling eastbound on FM 317 in Henderson County. Heading in the opposite direction was Navy Chief Petty Officer Jose Luis Joel Miramontes, who was driving a government-owned car in the course and scope of his employment with the Navy. Miramontes passed a slow-moving vehicle in a no-passing zone and collided with the Morgans' car. Shane Morgan and Kalee died in the collision.

Lisa Morgan sued the federal government, on behalf of herself, Emily, and the estates of Shane and Kalee Morgan. Shane Morgan's parents, Larry and Linda Morgan, joined the suit as intervenors. They alleged that Miramontes was negligent in the operation of a motor vehicle and that the U.S. was vicariously liable for his actions.

The intervenors claimed Miramontes was traveling at 103 mph seconds before he collided with the Morgans' vehicle. They also noted that he had attempted to pass in a no-passing zone.

The defendant stipulated liability.

Prior to trial, Miramontes was found guilty of manslaughter in state criminal court.

Lisa Morgan and Emily settled their claims prior to trial.

## Injury:

Shane Morgan and Kalee died as a result of injuries sustained in the collision.

Larry and Linda Morgan, Shane's parents, made loss of consortium and pain and mental anguish claims.

Their expert testified that the loss of their son caused "significant and complicated" grief and the grief would be lifelong.

The defendant's expert argued that there was no evidence of clinical depression in either Larry or Linda Morgan and neither sustained significant adjustment problems. The defendant also offered evidence of the significant periods of separation between intervenors and Shane Morgan's family due to the intervenors' work in Africa for 20 years prior to the accident.

## Result:

The court rendered a decision for Larry and Linda Morgan, awarding them each $495,000. The total award was $990,000.

## Trial Information:

**Judge:**      David Folsom

**Offer:**      $50,000

## Editor's Comment:

The information in this report was gleaned from court documents and provided by plaintiffs' counsel and defense counsel.

*Goodwin v. Quicktrip Corp.*

2011 WL 8227197 (Tex.Dist.) (Verdict and Settlement Summary)

Copyright (c) 2012 Thomson Reuters/West
WEST'S JURY VERDICTS - TEXAS REPORTS

Convenience Store 28% Liable for Nineteen Year-Old Customer's Wrongful Death

District Court of Texas, 393rd Judicial District, Denton County.

**Goodwin v. QuikTrip Corp.**

**Type of Case:**
Wrongful Death • Adult

Premises Liability • Retail & Other Business Properties

Premises Liability • Inadequate Security

Intentional Torts • Sexual Assault

Intentional Torts • Murder

**Specific Liability:** Convenience store customer was raped and murdered by an individual who was allowed to loiter in the store by a store employee

**General Injury:** Death; medical expenses

**Jurisdiction:**
State: Texas
County: Denton

**Related Court Documents:**
Plaintiffs' fourth amended original petition: 2011 WL 7574365

Jury charge: 2011 WL 7574356

Agreed amended final judgment: 2011 WL 7678339

**Case Name:** Glenn Goodwin, individually and on behalf of the estate of Melanie Therese Goodwin, and Peggy Goodwin, individually and on behalf of the estate of Melanie Therese Goodwin v. QuikTrip Corporation

**Docket/File Number:** 2009-60224-393

**Verdict: Plaintiffs, $8,022,324.00; reduced in judgment to $2,246,250.70 per fault apportionment**

**Verdict Range:** $5,000,000 - 999,999,999

**Verdict Date:** Sept. 29, 2011

Goodwin v. QuikTrip Corp., 2011 WL 8227197 (2011)

**Judge:** Doug Robison
**Attorneys:**
Plaintiffs: Matthew W. Bobo, Law Office of Matthew Bobo, Fort Worth, Texas; Stan Broome, The Broome Law Firm, Irving, Texas
Defendant: Donna C. Peavler and B. Kyle Briscoe, the Peavler Group PC, Dallas, Texas

**Trial Type: Jury**
**Breakdown of Award:**
$4,000,000.00 to plaintiffs, on behalf of the estate of Melanie Goodwin, for pain and mental anguish
$6,000.00 to plaintiffs, on behalf of the estate of Melanie Goodwin, for funeral and burial expenses
$250,000.00 to plaintiff Glenn Goodwin for past loss of companionship and society
$750,000.00 to plaintiff Glenn Goodwin for future loss of companionship and society
$500,000.00 to plaintiff Glenn Goodwin for past mental anguish
$500,000.00 to plaintiff Glenn Goodwin for future mental anguish
$5,162.00 to plaintiff Glenn Goodwin for past psychological treatment
$3,000.00 to plaintiff Glenn Goodwin for future psychological treatment
$250,000.00 to plaintiff Peggy Goodwin for past loss of companionship and society
$750,000.00 to plaintiff Peggy Goodwin for future loss of companionship and society
$500,000.00 to plaintiff Peggy Goodwin for past mental anguish
$500,000.00 to plaintiff Peggy Goodwin for future mental anguish
$5,162.00 to plaintiff Peggy Goodwin for past psychological treatment
$3,000.00 to plaintiff Peggy Goodwin for future psychological treatment
The jury determined that defendant QuikTrip Corporation was 28 percent responsible for causing Melanie's death, while Melanie was 1 percent responsible and Ernesto Reyes was 71 percent responsible. The court in final judgment reduced the plaintiffs' recoverable award accordingly, to $2,246,250.70.

**Summary of Facts:**
Melanie Goodwin, a 19 year-old student at the University of North Texas, reportedly stopped at the QuikTrip Store #911 on IH 35 South in Denton, Texas Sept. 25, 2007 on her way home after work at her part-time job. Prior to Melanie's arrival at the QuikTrip store, 20 year-old Ernesto Reyes allegedly entered the store and told the store employee he needed a place to stay because he had been kicked out of his house for beating up his brother, had warrants out for his arrest and had broken his ex-girlfriend's cell phone. The store employee reportedly gave Reyes food and drink, let him use the telephone to call several people for a ride, talked to Reye's ex-girlfriend, and asked her to come and get him. The employee apparently allowed Reyes to loiter in the store for over an hour by the time Melanie arrived.

When Melanie entered the QuikTrip, Reyes allegedly immediately accosted her and asked for a ride. Melanie apparently told him no and he left the store. Melanie reportedly bought her snacks and exited the store alone. After Melanie left the store, a video surveillance camera allegedly showed Reyes follow in her direction.

Four hours later, Melanie's body was reportedly found. She allegedly had been raped and murdered. At the time of her death, Melanie apparently was survived by her parents Glenn Goodwin and Peggy Goodwin.

Glenn, individually and on behalf of Melanie's estate, along with Peggy, individually and on behalf of Melanie's estate, brought a wrongful death and survival action against QuikTrip Corporation in Denton County District Court. In their fourth amended original petition, the plaintiffs brought a claim of premises liability against the defendant, alleging that the defendant's failure to enforce its own safety policies on the premises posed an unreasonable risk of harm, that the defendant had a duty to Melanie and others to maintain its premises in a safe manner and to insure that invitees were insured a safe environment, and that the defendant knew or should have known of the danger. The plaintiffs contended that the defendant breached its duty of ordinary care by failing to adequately warn Melanie of the condition and failing to make the condition reasonably safe.

Goodwin v. QuikTrip Corp., 2011 WL 8227197 (2011)

The plaintiffs asserted the defendant's acts and omissions proximately caused Melanie's death and their resulting damages. They sought compensation for their pecuniary loss, loss of companionship and society, funeral and burial expenses, mental anguish, medical and counseling expenses, as well as for Melanie's conscious physical pain and mental anguish. They also requested an award of punitive damages.

The matter proceeded to a jury trial in September 2011 with Judge Doug Robison presiding. Jurors returned a verdict Sept. 29, finding defendant QuikTrip was 28 percent responsible for causing Melanie's death, while Melanie was 1 percent responsible and Reyes was 71 percent responsible. The jury awarded the plaintiffs, on behalf of Melanie's estate, $4,000,000 for pain and mental anguish and $6,000 for funeral and burial expenses. The jury also awarded Glenn and Peggy each $250,000 for past loss of companionship and society, $750,000 for future loss of companionship and society, $500,000 for past mental anguish, $500,000 for future mental anguish, $5,162 for past psychological treatment and $3,000 for future psychological treatment, for a total award of $8,022,324.

Judge Robison entered judgment on the jury's verdict Dec. 13, 2011. The plaintiffs' total recoverable damages were reduced to $2,246,250.70, pursuant to the jury's determination of fault.

Court: District Court of Texas, 393rd Judicial District, Denton County.

---

End of Document

© 2013 Thomson Reuters. No claim to original U.S. Government Works.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Janet C. Henry, Individually and as Representatives of the Estate of G. David Henry, Kristopher Henry, and Kristen Hooper | Edward Joseph Hallahan and PowerSecure, Inc. |

| **(b)** County of Residence of First Listed Plaintiff    Midland County, TX | County of Residence of First Listed Defendant    Solano County, CA |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Dale R. Rose / Mitchell R. Nolte, Gibbs, Nolte, Robison, Rose, PLLC, 2780 Virginia Parkway, Suite 401, McKinney, Texas 75071; Telephone: (972) 562-0266 | Jeffrey J. Wolf / Michael B. Jones, The Wolf Law Firm, P.C., 1360 N. White Chapel Blvd., Southlake, Texas; Telephone: (817) 552-9653 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☐ 2   U.S. Government Defendant

☐ 3   Federal Question
(U.S. Government Not a Party)

☒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Motor vehicle accident / personal injury / wrongful death

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE N/A      DOCKET NUMBER

DATE 10/11/13

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE