CAUSE NO. 2013-61224-393



| | | |
|---|---|---|
| JANET C. HENRY, Individually and as Representative of the Estate of G. DAVID HENRY, KRISTOPHER HENRY, and KRISTEN HOOPER | § § § § | IN THE DISTRICT COURT |
| **Plaintiffs,** | § § | |
| v. | § § | DENTON COUNTY, TEXAS |
| EDWARD JOSEPH HALLAHAN, POWERSECURE, INC. | § § § | |
| **Defendants.** | § § | 393   JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION with REQUEST FOR DISCLOSURES

NOW COMES Plaintiffs' JANET C. HENRY, Individually and as Representative of the Estate of G. DAVID HENRY, KRISTOPHER HENRY, and KRISTEN HOOPER (collectively referred to as "Plaintiffs"), and file this Original Petition against Defendants EDWARD JOSEPH HALLAHAN and POWERSECURE INC.  In support of this Original Petition, Plaintiffs' state as follows:

### I.
### LEVEL 3 CASE

1.    Plaintiffs allege that discovery should be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.    Plaintiff Janet C. Henry is the surviving spouse of decedent G. David Henry; the natural mother of Kristopher Henry and Kristen Hooper; a Personal Representative of the Estate



of G. David Henry, Deceased, as no estate administration is pending and none is necessary; and a resident and citizen of Midland County, Texas.

3.   Plaintiff Kristopher Henry is the natural son of Janet C. Henry and decedent G. David Henry, and is a resident and citizen of Denton County, Texas.

4.   Plaintiff Kristen Hooper is the natural daughter of Janet C. Henry and decedent G. David Henry, and is a resident and citizen of Blanchard, Oklahoma.

5.   Defendant Edward Joseph Hallahan is a resident and citizen of Denton, Denton County, Texas. Service of process can be accomplished by serving the Citation and Plaintiff's Original Petition upon Defendant Edward Joseph Hallahan at 905 Cleveland Street, Denton, Texas 76201.

6.   Defendant PowerSecure, Inc. is a foreign for-profit corporation with its principal place of business in South Carolina.  Service of process can be accomplished by serving the Citation and Plaintiffs' Original Petition upon its registered agent via certified mail, return receipt requested to Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

7.   Venue is proper in Denton County, pursuant to Civ. Prac. & Rem. C. §§ 15.002(a)(2), and 15.005.

## III.
## FACTS

8.   On Monday, May 27, 2013, at approximately 1:30 p.m., while acting within the course and scope of his employment with PowerSecure, Inc., Edward Joseph Hallahan negligently and recklessly lost control of a 2006 International Truck while traveling



eastbound and crossed the center median of Interstate Highway 20 approximately .3 miles

east of reference marker 360 in Eastland County, Texas. The vehicle driven by Edward

Joseph Hallahan then traveled into the westbound lanes of the highway and struck an

eastbound Honda vehicle then continued in a northeasterly direction and struck a 2008

Ford F350 pickup being operated by G. David Henry, with Janet Henry riding as a

passenger. Although G. David Henry was properly wearing his seat belt, he was fatally

injured in the severe high speed frontal impact. Janet Henry sustained minor injuries, but

unfortunately witnessed the tragic injuries and eventual death sustained by her husband.

### IV.
### NEGLIGENCE CLAIMS AGAINST DEFENDANT EDWARD JOSEPH HALLAHAN

9.      Plaintiffs adopt and reallege each paragraph above as if set forth herein.

10.     Edward Joseph Hallahan had a duty to exercise ordinary care in the operation of the 2006

International Truck.

11.     Edward Joseph Hallahan breached his duty by failing to operate the truck as a person of

ordinary prudence would have done under the same or similar circumstances, including:

     a.      failing to keep a lookout as a person of ordinary prudence would have
        done under the same or similar circumstances;

     b.      failing to maintain his vehicle in the proper lane of travel and under safe
        and reasonable control as an ordinary and prudent person would have done
        under the same or similar circumstances;

     c.      failing to timely apply his brakes in order to avoid the collision;

     d.      driving his vehicle at a rate of speed that an ordinary and prudent person
        would not have done under the same or similar circumstances; and



  e.  failing to take proper and evasive action as an ordinary and prudent person
      would have done under the same or similar circumstances.

12.  Edward Joseph Hallahan's acts and/or omissions were a proximate cause of the collision,

the injuries to Janet Henry, the injuries and death to G. David Henry, and the damages to

Plaintiffs.

**V.**
**NEGLIGENCE CLAIMS AGAINST**
**DEFENDANT POWERSECURE INC.**

13.  Plaintiffs adopt and reallege each paragraph above as if set forth herein.

14.  Edward Joseph Hallahan was an employee of PowerSecure Inc., and was operating the

PowerSecure, Inc. truck during the course and scope of his employment.

15.  Edward Joseph Hallahan in the course and scope of his employment with PowerSecure,
Inc., had a duty to exercise ordinary care in the operation of the PowerSecure, Inc. truck.

16.  Mr. Hallahan breached his duty of ordinary care by failing to operate the truck as a person

of ordinary prudence would have done under the same or similar circumstances including:

  a.  failing to keep a lookout as a person of ordinary prudence would have
      done under the same or similar circumstances;

  b.  failing to maintain his vehicle in the proper lane of travel and under safe
      and reasonable control as an ordinary and prudent person would have done
      under the same or similar circumstances;

  c.  failing to timely apply his brakes in order to avoid the collision;

  d.  driving his vehicle at a rate of speed that an ordinary and prudent person
      would not have done under the same or similar circumstances; and

  e.  failing to take proper and evasive action as an ordinary and prudent person
      would have done under the same or similar circumstances.

17.  PowerSecure, Inc. also had a duty to use ordinary care in the training and supervision of

its employee, Edward Joseph Hallahan.



18.   PowerSecure, Inc. breached its duty of care by failing to adequately train and supervise Edward Joseph Hallahan.

19.   PowerSecure, Inc. owned the truck operated by Edward Joseph Hallahan and entrusted the vehicle to Edward Joseph Hallahan. Edward Joseph Hallahan was an incompetent and/or reckless driver.  PowerSecure, Inc. knew or should have known that Edward Joseph Hallahan was incompetent or reckless. Edward Joseph Hallahan was negligent on the occasion in question.

20.   PowerSecure, Inc.'s acts and/or omissions were a proximate cause of the collision, the injuries to Janet Henry, the injuries and death of G. David Henry, and the damages to Plaintiffs.

**VI.**
**DAMAGES**

21.   Plaintiffs' re-allege and adopt all previous paragraphs as if fully set forth herein.

22.   Plaintiffs Janet C. Henry, Individually and as Representative of the Estate of G. David Henry, Kristopher Henry, and Kristen Hooper seek the following wrongful death damages that have been incurred in the past or will, in reasonable probability, be incurred in the future:

      a.     loss of companionship and society;
      b.     mental anguish; and
      c.     pecuniary loss.

23.   Plaintiff Janet C. Henry as Representatives of the Estate of G. David Henry, seeks the following survival damages arising from the fatal personal injuries to G. David Henry:

      a.     physical pain;
      b.     mental anguish;



    c.    medical expenses; and

    d.    funeral and burial expenses.

24.    Plaintiff Janet C. Henry, Individually, seeks the following personal injury and bystander

damages that have been incurred in the past and will, in reasonable probability, be

incurred in the future:

    a.    physical pain;

    b.    mental anguish;

    c.    disfigurement and scarring;

    d.    physical impairment; and

    e.    medical expenses.

25.    Janet C. Henry has also incurred incidental and miscellaneous expenses, such as

transportation and household expenses in the past, and in all reasonable probability will

incur these expenses in the future.

## VII.
## EXEMPLARY DAMAGES

26.    Defendant's actions were grossly negligent when viewed objectively at the time of the

occurrence and involved an extreme degree of risk, considering the probability and

magnitude of the potential harm to Plaintiffs.

27.    Defendants had actual awareness of the risks involved, but nevertheless proceeded with

conscience indifference to the rights, safety, and welfare of Plaintiffs.

28.    Exemplary damages should therefore be assessed against Defendants to deter them and

other similarly situated individuals and corporations from disregarding the rights, safety

and welfare of others.

29.    Plaintiffs further alleges that the provisions within Section 41.008(b) of the Texas Civil

Practice & Remedies Code limiting the amount of exemplary damages assessed a



defendant to two times the amount of economic damages plus an amount equal to any

non-economic damages found by the jury, not to exceed $750,000, or $200,000,

whichever is greater, is unconstitutional, and is in violation of (1) Section One of the 14th

Amendment of the Constitution of the United States, which guarantees due process and

equal protection of the law; (2) Article I, Section 3 of the Texas Constitution, which

guarantees equal protection of the law; (3) Article I, Section 13 of the Texas Constitution,

which guarantees access to open courts for every person for an injury done by him or her,

and that each such person shall have a remedy by due course of law; (4) Article I, Section

19 of the Texas Constitution, which guarantees due course of the law; 5) Article II,

Section 1 of the Texas Constitution, which prohibits any one of the three branches of

government from exercising any power properly attached to either of the others,

specifically, prohibiting the legislature from exercising power properly attached to the

judiciary; (6) Article III, Section 56 of the Texas Constitution, which prohibits the

legislature from passing any local or special law authorizing limitation of civil action; and

(7) Article I, Section 15 and Article V, Section 10 of the Texas Constitution, which

guarantees the right to trial by jury demand.

## VIII.
## REQUEST FOR DISCLOSURE

30.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs' request

Defendants to disclose within fifty (50) days of service of this request, the information

and material described in Rule 194. Plaintiffs' further request that the responding parties



produce the responsive documents at Gibbs Nolte Robison Rose, PLLC in fifty (50) days of service of this request.

## IX.
## JURY DEMAND

31.   Plaintiffs request a trial by jury in this matter.  The proper fee is being submitted when the petition is filed.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Janet C. Henry, Individually and as a Representative of the Estate of G. David Henry, Deceased, Kristopher Henry, and Kristen Hooper, respectfully pray that this Court render judgment in their favor and against Defendants, Edward Jospeh Hallahan and PowerSecure, Inc., jointly and severally, for compensatory and exemplary damages, costs of suit, attorney fees, pre-judgment and post judgment interest permitted by law, and for such other and further relief to which Plaintiffs are justly entitled.

Respectfully submitted,



_____
Dale R. Rose
Texas Bar No. 00784875
Mitchell R. Nolte
Texas Bar No. 00797159
Gibbs Nolte Robison Rose, PLLC
2780 Virginia Parkway, Suite 401
McKinney, TX 75071
Tel. (972) 562-0266
Fax. (972) 569-9278
Attorney for Plaintiffs'

